LEWIS B. HAMILTON, as Executor of and Trustee under the
Last Will and Testament of LUCINDA D. PHILLIPS, Deceased,
Respondent, *v.* ELIZABETH H. MUNCIE and EDWARD H.
MUNCIE, Appellants, Impleaded with LEWIS B. HAMILTON
and ELIZA B. HAMILTON, Respondents.

Second Department, March 22, 1918.

Trust — assumption of liability on mortgage executed by testatrix
for benefit of property owned by daughter — will construed —
devise of mortgaged property to other person free of incumbrance
— right of devisee to enforce trust — facts not creating right to
equitable lien on real estate.

Suit for the construction of a will and for a decree imposing an equitable
lien upon real estate. The testatrix, during her lifetime, assisted her
daughter, one of the defendants, to raise money for the erection of a
sanitarium by means of a mortgage on the mother's property, which
mortgage the defendant and her husband, also made defendant, agreed
to carry, and upon which they paid interest during the testatrix's life
and for eight years after her death. The defendant conveyed her interest
in the sanitarium property to her mother, who subsequently reconveyed
to the defendants as husband and wife, and thereupon she made a will
in which she devised a portion of the mortgaged property to the plaintiff,
a son, " with the appurtenances absolutely and in fee, free and clear from
all liens and encumbrances." Eight years after the death of the testatrix
the defendants refused to assume further liability on the mortgage, where-
upon the present suit was brought.

*Held,* that the plaintiff, to whom the mortgaged property had been devised
free from incumbrances, had a right to sue in equity for a construction
of the will when the defendants repudiated their trust position in regard
to said property.

Moreover, as the defendant daughter was both an executrix and devisee
under said will and accepted the provisions thereof and had observed the
trust for eight years, she was estopped from repudiating the same as
against the plaintiff.

However, the plaintiff is not entitled to an equitable lien upon the sani-
tarium property owned by the defendants, for any lien which the testatrix
might have had thereon was merged and extinguished by the prior con-
veyance of the daughter's interest to her, and moreover, the defendants
had legal title to the borrowed money invested in the sanitarium prop-
erty and thus cannot be charged with wrongly diverting the same.

APPEAL by the defendants, Elizabeth H. Muncie and another,
from a judgment of the Supreme Court in favor of the plain-

tiff, entered in the office of the clerk of the county of Kings on the 10th day of July, 1917, upon the decision of the court after a trial at the Kings County Special Term.

The judgment construed the 3d clause of the will of Lucinda D. Phillips, deceased, and decreed an equitable lien against certain real property of the appellants.

Mrs. Phillips, the testatrix, had two husbands, the first named Hamilton, by whom she had two children, the son, Lewis B. Hamilton, and the daughter, Elizabeth, the wife of Edward H. Muncie. Both the Muncies are physicians.

During her lifetime the testatrix had assisted her daughter Elizabeth and her husband in the erection of a sanitarium at Nos. 117 and 119 Macon street, Brooklyn. The money for this purpose was raised by mortgages on the Phillips property, which mortgages the Muncies agreed to carry. Among such loans was a mortgage for $3,000 upon the house at 767 Marcy avenue, made May 25, 1894, the interest on which the Muncies paid during the testatrix's life. The title to this sanitarium property on May 31, 1894, was taken jointly in the names of Mrs. Muncie and her mother, the testatrix. Mrs. Muncie then conveyed her interest in this property to her mother by deed of December 29, 1896. The mother, this testatrix, held such title until December, 1902, when she conveyed the sanitarium premises back to the Muncies as husband and wife. By the 3d clause of Mrs. Phillips' will, made in 1902, she devised to her son Lewis, and his wife, " and to the survivor of them at my decease, my two houses and lots now known as number 767 Marcy Avenue and number 352 Lexington Avenue, in said Brooklyn, with the appurtenances, absolutely and in fee, free and clear from all liens and encumbrances."

After her death in May, 1903, the Muncies continued paying the interest. The original mortgage was called in 1906, when the Muncies, at their own cost, obtained a new loan from the Brevoort Savings Bank, and paid the interest thereon, and also promised to pay off the principal. In 1911 they refused further liability regarding this mortgage. Upon such refusal, this suit was brought for a construction of this 3d clause of the will, also to obtain a direction that the executors be required to pay off this mortgage, and that the

Muncies pay it together with the interest since 1911. After certain denials, the answer of the Muncies counterclaimed for the back payments of interest after the testatrix's death, and the expense of procuring a new mortgage, being in all $1,475.

The answer of Mr. Hamilton individually with his wife prayed that if such mortgage with the interest payments be not repaid, then that the Hamiltons be adjudged to have a lien upon the Muncie premises at 117 and 119 Macon street to the extent of such $3,000 mortgage and interest.

The court found that this $3,000 and the avails of certain other mortgages had been applied by the Muncies to the purchase and completion of their sanitarium. For the amount of this mortgage of $3,000 and such interest, a lien was decreed on the sanitarium property. The Muncies have taken this appeal.

*Benjamin Cohn,* for the appellants.

*Henry L. Brant,* for the plaintiff, respondent.

*John W. Ockford* [*George B. Davenport* with him on the brief], for the respondents Hamilton.

PUTNAM, J.:

The facts found are fully established by the testimony. Mrs. Muncie admitted that to raise money to build their sanitarium, they borrowed on the security of mortgages on the property of Mr. and Mrs. Phillips. The Muncies undertook to care for these loans, the proceeds of which they put "into the business." Among the loans so obtained, was this $3,000 raised upon the house 767 Marcy avenue. Appellants sought to testify that they were to repay this indebtedness by maintaining Mr. and Mrs. Phillips for their lives, but no such averment appeared in their answer.

Clearly the will required that the property at 767 Marcy avenue be freed from this mortgage, and the repeated payments of interest after the testatrix's death, as well as appellants' letters in 1910, show a plain sense of this duty. As this trust was not being fulfilled, and had been distinctly repudiated by the sister's letter of November 17, 1911,

plaintiff could come into equity for the construction of the will and for the enforcement of the trust obligation arising therefrom.

The assistance that appellants obtained from the original mortgage proceeds is not the only ground for this equity. It is reinforced by the appellants' acceptance of the will. Mrs. Muncie was not only an executrix, but was also a devisee thereunder. She has accepted the property so devised, which she has sold. She observed and carried out this trust for eight years after the will took effect. Upon her regrettable change of attitude in 1911, and the attempt then to ignore this trust, she should not go freed from the trust to repay the moneys, as the will required, in justice to the brother.

We are, however, unable to find evidence of any hypothecation, charge or specific appropriation of this Macon street property (Pom. Eq. Juris. [3d ed.] §§ 1234, 1239), whereby to found an equitable lien thereon, to be enforced as the decree below provides. The mother's money that went into it was in the nature of a loan or accommodation, without any undertaking or promise to subject or incumber this sanitarium property. The conveyance of the premises entirely to the mother, and her subsequent holding title to that property for six years, also merged and extinguished any specific interest she might previously have claimed by reason of her advances. Neither can we follow the moneys that went into this property. The Muncies had legal title to the borrowed funds so invested and applied, so that the moneys cannot now be treated as wrongly diverted, and thus capable of being traced. Such a right depends on a prior right of property in the money so employed. (*Matter of Hicks*, 170 N. Y. 195; *Jaffe* v. *Weld*, 155 App. Div. 110.)

Therefore, from this judgment and from the third conclusion of law, must be struck out the provision declaring a specific lien, with directions for its enforcement. Instead of adjudging such lien, the decree now to be entered will direct that the appellants should discharge the mortgage on plaintiff's property, in respect to which appellants are adjudged to be primarily liable, and, therefore, bound to exonerate the plaintiff, both as an executor and individually, from any liability thereon.

As thus modified, the judgment should be affirmed, without costs to either party upon this appeal.

JENKS, P. J., THOMAS, BLACKMAR and KELLY, JJ., concurred.

Judgment modified in accordance with opinion, and as so modified affirmed, without costs to either party upon this appeal. Order to be settled on notice.